FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|                                                      |                                    |
| ---------------------------------------------------- | ---------------------------------- |
| UNITED STATES OF AMERICA,                            | No. 08-50264                       |
| Plaintiff - Appellee,                                | D.C. No. 8:04-cr-00190-JVS-1       |
| v.                                                   |                                    |
| HARES AJMAL AHMADZAI, aka Ajmal Hakim Ahmadzai,      | MEMORANDUM [*]                      |
| Defendant - Appellant.                               |                                    |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Hares Ajmal Ahmadzai appeals his conviction for unlawfully procuring

United States citizenship in violation of 18 U.S.C. § 1425(a). Ahmadzai argues

that the district court erred in failing to provide the jury with a "specific

unanimity" instruction that the jury must unanimously agree on a particular false

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

statement justifying Ahmadzai's conviction. Because Ahmadzai neither requested a specific unanimity instruction nor objected to the district court's failure to provide such an instruction, we review this issue for plain error. *See United States v. Payseno*, 782 F.2d 832, 834 (9th Cir. 1986). Plain error is "highly prejudicial" error, *id.*, and requires that Ahmadzai show (1) error, (2) the error is clear and obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Ahmadzai has not shown plain error. It was not clear and obvious error for the trial court to allow the jury to convict Ahmadzai of violating 18 U.S.C. § 1425(a) without specifying which of Ahmadzai's particular false statements violated the statute. *See Richardson v. United States*, 526 U.S. 813, 817 (1999); *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991). Moreover, even assuming that the failure to provide this instruction was error and the error was clear and obvious, Ahmadzai has failed to prove prejudice. The indictment, which was read to the jury pool, charged Ahmadzai with a violation of § 1425(a) relying only on his submission of Form N-445A. **[ER 43-44; Dkt. 300 at 9-11]** The jury was instructed that they could convict Ahmadzai only for the crime charged in the indictment and that evidence of Ahmadzai's other conduct was relevant only to

2

establish his intent. **[GER 156]**  There was no evidence of actual jury confusion, nor was the evidence in this case highly complicated.  Ahmadzai has not made the requisite showing of prejudice.

Ahmadzai also argues that the trial court erroneously imposed written conditions of probation and supervised release in addition to those imposed at the oral pronouncement of sentence.  The government concedes that this was error. We strike those conditions, found on page four of the Judgment and Probation/Commitment Order. **[ER 16]**

AFFIRMED as modified.

3